■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GORDON VASQUEZ, Appellant.—Appeal by the defendant from a judgment of the County Court, Nassau County (Kepner, J.), rendered March 27, 1984, convicting him of attempted murder in the second degree and assault in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Viewing the evidence adduced at trial in the light most favorable to the People (see, People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. The complainant had ample opportunity to observe the defendant at close range when the defendant pointed and fired the gun at the complainant's abdomen. The jury was not bound to accept the testimony of the defendant and his alibi witnesses (see, People v Cox, 114 AD2d 968). Resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the jury, which saw and heard the witnesses (see, People v Gaimari, 176 NY 84, 94). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record (see, People v Garafolo, 44 AD2d 86, 88). Upon exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence (see, CPL 470.15 [5]).

Considering the circumstances of the case involving the unprovoked assault upon the unarmed victim, the sentence imposed upon the defendant's conviction was not unduly harsh or excessive (see, People v Suitte, 90 AD2d 80). We have reviewed the defendant's remaining contentions and find them to be without merit. Rubin, J. P., Eiber, Rosenblatt and Miller, JJ., concur.